**In re RICH INTERNATIONAL AIRWAYS, INC., Debtor.**

**Bankruptcy No. 83–01190–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

June 10, 1985.

Martin L. Sandler, Miami, Fla., for debtor.

Robert F. O'Malley, Jr., Miami, Fla., for Chemlease Worldwide, Inc.

### ORDER GIVING CREDIT TO DEBTOR–IN–POSSESSION FOR ADEQUATE PROTECTION PAYMENTS

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court pursuant to an Order entered by this Court dated April 1, 1985, the Court having reviewed the file herein and the memoranda submitted by the parties and the Court being otherwise fully advised in the premises, it is thereupon

ORDERED AND ADJUDGED:

1. RICH INTERNATIONAL AIRWAYS, INC. confirmed its Amended Plan of Reorganization by Order of this Court on November 1, 1984. Pursuant to the terms of the Plan, Chemlease Worldwide, Inc. was to receive, *inter alia,* on February 11, 1985 an initial payment of interest on the unpaid balance due to Chemlease and as set forth in the Amended Plan.

2. Chemlease filed a Motion to convert RICH's Chapter 11 case to a case under Chapter 7, or in the alternative to compel RICH to comply with the provisions of the Amended Plan. A hearing was held on

said Motion on March 26, 1985. Prior to the hearing, RICH tendered to Chemlease the sum of $45,418.61 representing what RICH believed to be the interest due to Chemlease pursuant to the terms of the Amended Plan. Chemlease maintains that the sum of $49,964.25, representing interest was due from RICH to Chemlease pursuant to the terms of the Amended Plan. The difference between the two numbers results from conflicting views by the parties as to whether adequate protection payments made by RICH during the course of the Chapter 11 proceedings should be credited to the principal amount due and owing to Chemlease. The interest payment made by RICH represents the interest due on a principal amount reduced by the sum of $148,449.73 which is the agreed amount RICH paid to Chemlease as adequate protection during the course of the proceedings.

3. On April 1, 1985, this Court entered an Order denying, without prejudice, Chemlease's Motion to convert the Chapter 11 proceedings to a case under Chapter 7 of Title 11. The Court further reserved ruling with respect to whether or not the adequate protection payments should be credited to the principal amount of Chemlease's debt, pending submission of memoranda by the parties.

4. The Court concludes that the $148,449.73 in adequate protection payments made by RICH during the Chapter 11 proceedings should be credited against the principal balance of the Chemlease debt. Adequate protection is designed to protect a secured creditor's interest in property from any decrease in value attributable to the automatic stay. *In re Alyucan Interstate Corp.*, 12 B.R. 803, 806–809 (Bankr.D. Utah 1981). The concept of adequate protection was designed to insure that secured creditors are not deprived of the benefit of their bargain. House Report No. 95–595, 95th Cong., 1st Sess. 338–40 (1977), U.S. Code Cong. & Admin.News 1978, p. 5787. However, a secured creditor should not benefit by the filing of the Chapter 11 and in effect receive compensation greater than the amount owed and agreed upon pre-petition. A secured creditor, by the imposition of bankruptcy should not receive more than the benefit of his bargain.

5. RICH's Amended Plan contemplates a 100% payout to Chemlease. Should the Court deny giving RICH credit for the adequate protection payments made to Chemlease, the result will be a windfall to Chemlease in that it will receive 100% of its debt pursuant to the terms of the Plan, and an additional $148,449.73 which it received during the course of the proceedings as adequate protection. Such a result is contrary to the remedial and rehabilitative provisions of Title 11.

6. Accordingly, the Court concludes that the $148,449.73 paid by RICH INTERNATIONAL AIRWAYS, INC. to Chemlease as adequate protection during the course of RICH's Chapter 11 proceedings should be credited against the principal amount of the Chemlease debt. The interest payment made by RICH in the amount of $45,418.61 complies with the provisions of the Amended Plan. All relief sought in Chemlease's Motion to Convert Chapter 11 Case to Chapter 7 or Alternatively to Compel Debtor to Comply with Confirmed Plan is here denied, without prejudice. The Court shall retain jurisdiction over RICH's Amended Plan for the purposes of compliance with the terms thereof and for any modification thereof, as is necessary.